UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-0100 (WMW/KMM) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| Davontay Dewayne Mitchell and Richard Van Tran, | |
| Defendants. | |

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture. (Dkt. 67.) The Court finds that the property at issue is subject to forfeiture, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and the offenses of which Defendants Davontay Dewayne Mitchell and Richard Van Tran have been found guilty.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's Motion for a Preliminary Order of Forfeiture, (Dkt. 67), is **GRANTED**.

2. Defendants Davontay Dewayne Mitchell and Richard Van Tran shall forfeit to the United States a black Ruger 9 mm LC9 pistol with serial number 454-29261, and all accessories and ammunition seized therewith (the Property), pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c).

3. The United States Attorney General or an authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the Property in such manner as the Attorney General may direct.

5. This Order shall become final as to Defendants at the time of sentencing, made part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. Following the Court's disposition of any petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period established to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee.

7. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary. Fed. R. Crim. P. 32.2(e).

Dated: November 20, 2020  s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge