UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-0100 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Davontay Dewayne Mitchell (1), | |
| Defendant. | |

---

This matter is before the Court on Defendant Davontay Dewayne Mitchell's motion for release from custody and for self-surrender. (Dkt. 84.) For the reasons addressed herein, Mitchell's motion is denied.

## BACKGROUND

Mitchell was charged by indictment on May 28, 2020, with one count of bank robbery and one count of brandishing a firearm in furtherance of a bank robbery. On October 13, 2020, Mitchel pleaded guilty to brandishing a firearm in furtherance of a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). At the conclusion of the plea hearing, Mitchell was remanded to the custody of the United States Marshals pursuant to the Mandatory Detention Act. 18 U.S.C. § 3143(a)(2). Mitchell currently is detained pending his sentencing hearing, which is scheduled to occur on February 19, 2021.

Mitchell moves for release from custody pending sentencing and for voluntary self-surrender, citing concerns about the wellbeing of his child and the mother of his child. In response to Mitchell's motion, the United States indicates that it defers to the

Court's prior ruling that mandatory detention applies and that there are not exceptional reasons that warrant Mitchell's release pending sentencing.

## ANALYSIS

The decision to release a defendant awaiting the imposition or execution of a sentence is governed by 18 U.S.C. § 3143. After a defendant has been found guilty of an offense described in Section 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" the defendant detained unless two conditions are met: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment be imposed; *and* (2) there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community. 18 U.S.C. § 3143(a)(2). Mitchell does not dispute that he is subject to mandatory detention because the offense to which he pleaded guilty is a crime of violence. *See* 18 U.S.C. § 2113(a); 18 U.S.C. § 924(c)(1)(A); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) ("Accordingly, we have held that the federal offenses of bank robbery and carjacking—both of which are committed either by force and violence or 'by intimidation'—categorically qualify as crimes of violence under the force clause of § 924(c)(3)(A)."), *cert. denied*, 140 S. Ct. 894 (2020); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (affirming conviction of brandishing firearm in furtherance of a bank robbery, holding that such an offense is a crime of violence).

Notwithstanding the mandatory-detention provisions of 18 U.S.C. § 3143, a defendant awaiting the imposition of a sentence may be released "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's

detention would not be appropriate" and the person is not likely to flee or pose a danger to the safety of any person or the community. 18 U.S.C. § 3145(c) (citing 18 U.S.C. § 3143(a)(1)); *see also United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). Exceptional reasons that may warrant release under Section 3145(c) are reasons that are "clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted).

Mitchell asserts that, before he was taken into custody, he was the primary caregiver for his child. Since then, the mother of his child has assumed all childcare responsibilities, significantly compounding the severity of the mental health challenges she experiences. Mitchell cites to a letter from the mother of his child's therapist, which states that Mitchell's release from custody would be beneficial to the health and wellbeing of both the mother and child. For these reasons, Mitchell asserts that there are exceptional reasons that warrant a release from custody despite the applicability of the Mandatory Detention Act.

The Court recognizes that caring for a child singlehandedly is a significant burden and is sympathetic to the stress this has imposed on the mother of Mitchell's child. But personal reasons, including family- or health-related hardships, are not "exceptional" for purposes of mandatory detention. *See Green*, 250 F. Supp. 2d at 1149 (collecting cases). Moreover, for a defendant subject to the Mandatory Detention Act to be released pending sentencing, there must be both exceptional reasons *and* a clear showing that the defendant is not likely to flee or pose a danger to the safety of any person or the community. 18 U.S.C. § 3145(c) (citing 18 U.S.C. § 3143(a)(1)); *see also Green*, 250 F. Supp. 2d at

1149.  Mitchell has not provided any reason for the Court to conclude that Mitchell is not likely to flee or pose a danger to any person or the community.

Because Mitchell's release from custody and voluntary surrender is not warranted, Mitchell's motion is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Davontay Dewayne Mitchell's motion for release from custody and for self-surrender, (Dkt. 84), is **DENIED**.

Dated:  January 19, 2021                                             s/Wilhelmina M. Wright
                                                                                        Wilhelmina M. Wright
                                                                                        United States District Judge